UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHAROLYN BUTLER,<br>    Plaintiff, | § § § | |
| v. | § | Civil Action No. 4:14-CV-561-O-BL |
| | § § | |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | § § § | |
|     Defendant | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Sharolyn Butler seeks judicial review of the Commissioner of Social Security's decision, which denied her applications for supplemental security income and disability insurance benefits under Titles II and XVI of the Social Security Act.

After considering the pleadings, the briefs, and the administrative record, the Court recommends that the Commissioner's decision be affirmed and the complaint be dismissed with prejudice.

## Background

Butler filed an application for supplemental security income and disability insurance benefits on May 17 and 18, 2011, and alleged she became disabled on November 3, 2010. (Tr. 22, 144, 148). Butler alleges she became disabled due to affective/mood disorders, bipolar disorder, lower back pain, sciatica, and arthritis. (Tr. 82-83, 84, 85, 94, 95, 144-156, 167). Butler has an eleventh grade education, and did not obtain a GED or subsequent vocational training. (Tr. 42). Previously, Butler worked as a home attendant. (Tr. 29).

Following a hearing on November 5, 2012, an Administrative Law Judge (ALJ)

determined on April 2, 2013, that Butler was not disabled. Specifically, the ALJ found that Butler's impairments did not meet or equal any of the impairments listed in Appendix 1 of the governing regulations, that she retained the residual functional capacity (RFC) to perform a light work, that she could not perform any of her past relevant work, but could be employed in jobs that existed in significant numbers in the national economy. The Appeals Council denied review on June 02, 2014. Therefore the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

## Standard of Review

A person is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). Additionally, a claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see* 20 C.F.R. §§ 404.1505, 416.911. "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b) (2013).

To evaluate a disability claim, the Commissioner follows "a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe

impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security Regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to Steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry of whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309 F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). To determine whether the Commissioner's decision is supported by substantial evidence, the Court weighs four elements of proof: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the Claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chatter,* 64 F.3d 172, 17412 (5th Cir. 1990); *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the

Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422, 28 L. Ed. 2d 842 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452).

### Discussion

On appeal, Butler contends that the ALJ erred in failing to incorporate Dr. James Box's functional capacity evaluation report into his final RFC determination, and thus, the RFC finding is not supported by substantial evidence. Butler further argues that had the ALJ adopted Dr. Box's report, the ALJ would have found her disabled.

After reviewing the record, the ALJ followed the five-step sequential evaluation process and determined that Butler was not disabled within the meaning of the Social Security Act. At Step 1, the ALJ found that Butler did not engage in any substantial gainful activity since November 3, 2010. (Tr. 22). At Step 2, the ALJ found that Butler had following severe impairments: fibromyalgia, frozen shoulder, history of back and abdominal pain, and bipolar disorder. (Tr. 22). At Step 3, the ALJ found that Butler did not have an impairment or combination of impairments that met or equaled a listed impairment under the applicable regulations. (Tr. 23). Before proceeding to Steps 4 and 5, the ALJ assessed Butler' RFC and determined that she retained the ability to perform light work, and that she could

> lift 10 pounds frequently and 20 pounds occasionally. She [could] sit, stand and/or walk for six out of eight hours in a normal workday. She [needed] to be able to alternate sitting or standing frequently throughout the day. She [could not] climb no climbing [*sic*] of ladders ropes or scaffolds. She [could not] work around hazards such as unprotected heights or dangerous moving machinery. [Butler was

> also] limited to occasionally kneeling, stooping, crouching, . . . crawling, [and] to simple job tasks with occasional public contact.

(Tr. 25). At Step 4, the ALJ found that Butler could not perform any past relevant work. (Tr. 29). And finally, at Step 5, the ALJ found that Butler could be employed in jobs that exist in significant numbers in the national economy. (Tr. 30).

In determining a claimant's RFC, the ALJ considers the individual's ability to meet the physical and mental demands, as well as the sensory and other requirements of the job. 20 C.F.R. §§ 404.1545(a), 416.945(a). "The RFC assessment must be based on *all* of the relevant evidence in the case record." SSR 96-8P, 1996 WL 374184 (July 2, 1996) (emphasis in original); *see* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) ("it is clear that the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position") (citations omitted). The ALJ may also consider evidence such as observations of limitations by the claimant's treating or examining physicians, psychologists, family, friends, or other persons. 20 C.F.R. § 404.1545(a). Such evidence is considered along with the medical evidence to determine the extent of a claimant's limitations. *Id*. An ALJ has considerable discretion in assigning weight to medical opinions and may reject the opinion of any physician when the evidence supports a contrary conclusion. *Newton*, 209 F.3d at 455-56. Still, the ultimate responsibility of determining a claimant's RFC belongs to the ALJ alone. *See Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990); 20 C.F.R. § 404.1546; 20 C.F.R. § 404.1547(d)(2); SSR 96-6p, 1996 WL 374180 (Jul. 2, 1996).

In August 2011, Dr. Box conducted a physical exam on Butler and completed a work capacity assessment. (Tr. 417-18). Dr. Box examined Butler for pain in her back, and noted the severity level was moderate-severe. (Tr. 419). He noted that Butler had a compensated gait, no spasms, and had a painful buttock and sacroiliac joint. (Tr. 420). He found a lateral flexion of 30

degrees on both sides, an extension of 15 degrees on the right, and flexion of 80 degrees. (Tr. 420). The range of motion in Butler's hips was normal and pain free, as was the range of motion in her knees, ankles, and feet. (Tr. 420). The strength in Butler's right and left hips, right and left knees, and right and left ankles and feet were normal. (Tr. 420). Dr. Box also noted that her lower extremities were neurovascularly normal. (Tr. 420). Dr. Box opined that no orthopedic treatment was required at that time. (Tr. 420).

In the work capacity report, Dr. Box reported that Butler could sit occasionally, stand and walk frequently, lift up to 10 pounds frequently, lift up to 20 pounds occasionally, and never lift anything weighing over 50 pounds. (Tr. 417). Butler could reach overhead and at shoulder level occasionally, and frequently below the waist. (Tr. 418). She could grasp, push or pull, do fine work, do low speed assembly with both hands, but could not do high speed assembly with either hand. (Tr. 418). She also could not work in environments that were cold, damp or wet, and high. (Tr. 418). Dr. Box reported that she had Bipolar disorder, and opined that she could engage in training with her functional limitations, and was able to work 6 to 8 hours in one day. (Tr. 418).

Dr. Susan Thompson, M.D., evaluated Butler's physical RFC. (Tr. 435-46). In Butler's physical RFC, Dr. Thompson opined that Butler could occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand and walk about 6 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday, and could push and pull an unlimited amount. (Tr. 436). Dr. Thompson also reported that Butler had no postural, manipulative, visual, communicative, or environmental limitations. In making these conclusions, Dr. Thompson opined that Butler's alleged severity, signs, and symptoms were not wholly supported by the record, and noted that medical records from May 2011 indicated that Butler was in no acute distress, had intact motor

strength in her lower extremities, normal joint range of motion, no swelling or deformities, no cyanosis, clubbing, or edema, and no motor or sensory defects. (Tr. 436-37).

Butler's contention that ALJ did not include the *exact* limitations in Dr. Box's report is misplaced. In his opinion the ALJ discussed all of Butler's alleged limitations, and thoroughly considered the medical evidence on the record. It is well settled that the ALJ need not discuss every detail in the record that supports his decision. *Falco v. Shalala,* 26 F.3d 160, 163 (5th Cir. 1994). All that is required is that the ALJ adequately explain the reasons for his decisions. *Id.* Here, a review of the ALJ's opinion, in conjunction with the evidence on record, shows that the ALJ's RFC determination was supported by substantial evidence. The fact that the ALJ did not expressly discuss Dr. Box's report is of no consequence. Moreover, as the Commissioner argues, Dr. Box's functional capacity form does not reference any specific diagnostic studies, tests, or clinical evaluations. As such, Butler's claims are without merit.

## Conclusion

For the foregoing reasons, it is therefore **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**, and the Plaintiff's complaint be **DISMISSED WITH PREJUDICE.**

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**
Dated this 24th day of August, 2015.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**