IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHAROLYN BUTLER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:14-cv-561-O |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued a Report and Recommendation ("FCR") in this case. *See* FCR, ECF No. 19. The Magistrate Judge recommended that the Commissioner's decision be affirmed and the Complaint be dismissed with prejudice. *Id.* at 7. Plaintiff filed objections. *See* Pl.'s Objections, ECF No. 20. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made and reviewed the remaining portions for plain error. Having reviewed the briefing, the applicable law, and the record before the Court, the Court concludes that the FCR in this case should be and is hereby **ACCEPTED**.

I.  **BACKGROUND**

This action arises out of Plaintiff's denial of social security benefits from the Social Security Administration. In May 2011, Plaintiff applied for disability insurance benefits and supplemental security income, alleging that her disability began on November 3, 2010. Tr. 144, 148, ECF No. 9-2. After a hearing before an administrative law judge ("ALJ"), the ALJ determined that Plaintiff was

not disabled. Tr. 31, ECF No. 9. The Appeals Counsel denied review, leaving the ALJ's decision as the final decision of the Commissioner in Plaintiff's case. *Id.* at 1-4.

On July 22, 2014, Plaintiff filed the instant civil action, seeking review of the ALJ's decision. *See* Compl., ECF No. 1. The United States Magistrate Judge entered his findings of fact, conclusions of law, and recommendation to the District Judge. *See* FCR, ECF No. 19. The Magistrate Judge recommended that the Court affirm the Commissioner's decision. *Id.* Plaintiff timely objected, arguing that the ALJ erred by failing to properly evaluate and discuss the opinion of evaluating physician Dr. James Box ("Dr. Box"). Pl.'s Objections, ECF No. 20. The matter is ripe for adjudication.

## II. LEGAL STANDARDS

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). "The Commissioner, not the court, has the duty to weigh the

evidence, resolve material conflicts in the evidence, and make credibility choices." *Carrier v. Sullivan*, 944 F.2d 105, 109 (5th Cir. 1991).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is disabled or not disabled, the evaluation does not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) the medical severity of the claimant's impairments; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) the claimant's residual functional capacity and past relevant work; and (5) whether the combination of the claimant's residual functional capacity, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct a residual functional capacity assessment. *Id.* § 404.1520a(d)(3).

The scope of judicial review of a decision under the supplemental security income program is identical to that of a decision under the social security disability program. *Davis v. Heckler*, 759 F.2d 432, 435 (5th Cir. 1985). Moreover, the relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income. *See id.* Thus, the Court may rely on decisions in both areas without distinction in reviewing an ALJ's decision. *See id.*

**III.   ANALYSIS**

In her appeal from the Commissioner's decision, Plaintiff argues that the ALJ erred in failing to discuss or weigh the opinion and functional capacity evaluation ("FCE") of Dr. Box. Pl.'s

Objections 1, ECF No. 20. Plaintiff further argues that the ALJ's conclusion may have been different had the opinion been considered. *Id.* at 6. Accordingly, the Court turns to whether the ALJ's evaluation of Dr. Box's opinion was erroneous.

The proper evaluation of an opinion of a medical source depends upon the type of medical source. "Disability cases typically involve three types of physicians: 1) a treating physician who regularly provides care to the claimant; 2) an examining physician who conducts a one-time physical exam of the claimant; and 3) a reviewing or non-examining physician who has never examined the claimant, but read the claimant's files to provide guidance to an adjudicator." *Giles v. Astrue*, 433 F. App'x 241, 246 (5th Cir. 2011). Generally, ALJs grant more deference to treating physicians than to examining or non-examining physicians. *See id.* In this case, Dr. Box is an examining physician, who conducted one examination of Plaintiff on August 9, 2011.[1] *See* Tr. 420, ECF No. 9-4; Pl.'s Objections 1, ECF No. 20.

Plaintiff argues that an examining physician's opinion must be analyzed according to the same six regulatory factors applicable to treating physicians. Pl.'s Objections 2, ECF No. 20. Relying upon *Newton*, *Myers*, and *Loza*, Plaintiff contends that "medical opinion evidence must always be discussed" and "the ALJ must explain the weight given to all medical opinions." Pl.'s Objections 1-3, ECF No. 20; *see also Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000); *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000); *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). Specifically, Plaintiff objects that "[t]he ALJ cannot reject a medical opinion without an explanation." Pl.'s Objections 2, ECF No. 20 (quoting *Loza*, 219 F.3d at 395). Plaintiff also cites the Commissioner's

---

[1] Dr. Box reports that Plaintiff was "seen and evaluated with my female assistant in exam room. Functional capacity form filled out with patient's assistance." Tr. 420, ECF No. 9-4.

4

interpretive rulings,[2] which state that an ALJ's "RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P, at *7 (S.S.A. July 2, 1996); *see also* Pl.'s Objection 2, ECF No. 20. Plaintiff concludes that the ALJ erred in not considering or discussing Dr. Box's opinion.

Absent reliable medical evidence from a treating or examining specialist, an ALJ may reject the opinion of the treating physician "only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). "Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, 'the ALJ has sole responsibility for determining a claimant's disability status.'" *Id.* at 455 (citing *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994)). "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Id.* The SSA Regulations list factors an ALJ must consider before determining that a treating physician's opinion is not entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d)(2); *Newton*, 208 F.3d at 456. "Specifically, this regulation requires consideration of: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician." *Id.*

---

[2] "The Social Security Administration's rulings are not binding on this court, but they may be consulted when the statute at issue provides little guidance. . . . The Fifth Circuit has frequently relied upon the rulings in evaluating ALJs' decisions." *Myers*, 238 F.3d at 620.

However, the ALJ is required to perform a detailed analysis under these specific factors "only if there is no reliable medical evidence from another treating or examining physician that controverts the treating specialist." *Miller v. Colvin*, No. 4:13-CV-456-Y, 2014 WL 2610890, at *6 (N.D. Tex. June 11, 2014) (Means, J.) (citing *Newton,* 209 F.3d at 455–57). In other words, an ALJ does not have to perform the detailed § 404.1527(d)(2) analysis "where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another," or in cases in which "the ALJ weighs the treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion." *Id.* (citing *Newton*, 209 F.3d at 458); *see also Contreras v. Massanari*, No. 1:00-CV-242-C, 2001 WL 520815, at *4 (N.D. Tex. May 14, 2001) (Koenig, Magis. J.) ("The Court's decision in *Newton* is limited to circumstances where the administrative law judge summarily rejects the opinions of a claimant's treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant."); *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009) ("The *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it."); *Zimmerman v. Astrue*, 288 F. App'x 931, 935 (5th Cir. 2008) (noting that *Newton* did not involve "competing first-hand medical evidence," nor did it involve "the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion").

This is a case in which the ALJ considered and weighed competing first-hand medical evidence, and therefore *Newton* does not apply. *See id.* The ALJ here considered hundreds of pages of medical record evidence, encompassing several medical examinations, in weighing the evidence

on a function-by-function basis.[3] *See* Tr. 34-35, ECF No. 9 (listing medical record evidence in Table of Contents); Tr. 234-644, ECF No. 9.

Furthermore, the ALJ did consider Dr. Box's opinion. The ALJ mentioned the examination, writing "[d]uring another examination, the claimant was noted to have slightly decreased range of motion in the lumbar spine. (Exh. E9F/11)." Tr. 27, ECF No. 9; *see also* Tr. 420, ECF No. 9-4. The citation to page 11 of Exhibit E9F refers to one page of Dr. Box's examination. *See* Tr. 35, ECF No. 9; Tr. 417-420, ECF No. 9-4. Therefore, the ALJ did consider Dr. Box's report along with the opinions of several other physicians. In the same paragraph, the ALJ cites to three other examinations. Tr. 27, ECF No. 9. Thus, the Court concludes that there is no error.

Finally, it is not clear that the ALJ rejected Dr. Box's opinions. Plaintiff points to two examples of opinions that are purportedly inconsistent with the ALJ's findings. First, Plaintiff points to Dr. Box's checked box indicating that Plaintiff can sit "Occasionally," defined as up to 33% of an eight-hour workday. Tr. 417, ECF No. 9-4. However, Dr. Box also reported that Plaintiff can stand or walk "Frequently," defined as 34-66% of an eight-hour workday. *Id.* The ALJ found that Plaintiff could "sit, stand and/or walk for six out of eight hours in a normal workday. She needs to be able to alternate sitting or standing frequently throughout the day." Tr. 25, ECF No. 9. These conclusions are not inconsistent. Next, Plaintiff argues that she has a limited ability to reach overhead and shoulder-level, as these were also marked "Ocassionally." Tr. 417-18, ECF No. 9-4. Plaintiff argues that the ALJ did not find limitations in reaching with the upper extremities.

---

[3] In an unpublished Fifth Circuit opinion, the court affirmed an ALJ's RFC assessment which discussed the plaintiff's "functional limitations and work-related abilities on a function-by-function basis," rather than an opinion-by-opinion basis. *DeLeon v. Barnhart*, 174 F. App'x 201, 202-03 (5th Cir. 2006).

Even if there were error, such error would be harmless. Plaintiff argues that the ALJ's error was harmful because it is not inconceivable that the decision would have been different had the ALJ considered Dr. Box's opinion. However, the ALJ did consider the opinion along with the other examiners' opinions. Tr. 27, ECF No. 9. Additionally, it is highly unlikely that assigning more weight to the opinion would affect the outcome — especially considering that Dr. Box's report prescribes no orthopedic treatment and concludes that Plaintiff may work six to eight hours in one day. Tr. 418, 420, ECF No. 9-4. Moreover, unlike some of the other physicians who examined Plaintiff, Dr. Box's opinion is not supported by objective tests or evidence. *See Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005). As there is evidence that the opinion was considered, it is not the place of this Court to re-weigh the evidence.

## IV.   CONCLUSION

Based on the foregoing analysis, the Court finds that the Magistrate Judge's Report and Recommendation in this case should be and is hereby **ACCEPTED** and the Plaintiff's case is **DISMISSED with prejudice**.

**SO ORDERED** on this **23rd day** of **September, 2015**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**